# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

HILDANIA KRISTENSEN,

           Plaintiff,

v.                                    **MEMORANDUM OF LAW & ORDER**
                                      Civil File No. 11-3318 (MJD/TNL)

GREATBATCH, KIMBERLY BRIGGS,
and LISA RAMBOL,

           Defendants.

Hildania Kristensen, pro se.

Gina K. Janeiro and Sara G. Sidwell, Jackson Lewis LLP, Counsel for Defendants.

## I.      INTRODUCTION

This matter is before the Court on Defendants' Joint Motion to Dismiss or Alternatively for Summary Judgment.  [Docket No. 5]  The Court heard oral argument on September 14, 2012.  Because Plaintiff has failed to exhaust administrative remedies and fails to state a claim upon which relief may be granted, the Court grants Defendants' motion to dismiss.

## II.     BACKGROUND

### A.      Factual Background

1

Plaintiff Hildania Kristensen began working for Enpath Medical, Inc. ("Enpath") as a Principal Quality Engineer in September 2007.  (Compl. at 6 ¶ 10(2); Compl., Ex. 1 at 6 of 17.)  Kristensen was promoted within a few months and received positive performance reviews and feedback.  (Compl. at 6 ¶ 10(2).)  Defendant Greatbatch acquired Enpath in 2007.  (Id. at 7.)  Also in approximately 2007, Greatbatch acquired Quan Emerteq, a company in Blaine, Minnesota.  (Id. at 3 ¶ 4, 7.)  Defendant Kimberly Briggs, then Director of Regulatory Affairs and Quality for Greatbatch, was Kristensen's supervisor and provided a March 2008 performance review of Kristensen stating that Kristensen was meeting or exceeding expectations.  (Compl. at 2 ¶ 2; Compl., Ex. 1 at 12 of 17; Compl. at 6 ¶ 10(2).)

Kristensen asserts that Greatbatch discriminated against her between December 2007 and June 2008.  (Compl. at 4 ¶ 5.)  She asserts that Greatbatch, Briggs, and Defendant Lisa Rambol treated similarly situated employees not in the protected class more favorably.  (Compl. at 7 ¶ 10(4).)  Plaintiff asserts that she was unlawfully terminated.  (Id. at 6 ¶ 10(3).)

Specifically, Plaintiff alleges discrimination based on race, color, and national origin because in December 2007, an unidentified R&D Manager "made

discriminatory and demeaning comments regarding Hispanic Professionals on

the Cordis team."  (Compl. at 7 ¶ 10(4)).  Someone stated that Hispanics were

"e[r]ratic" and "emotionally charge[d]" "with unreasonable demands."  (Id.)

Someone also made derogatory comments about persons from the Netherlands.

(Id.)

   Kristensen also alleges retaliation based on the following facts:

   Rambol and upper management supported harassment of people of color.

(Id. at 7 ¶ 10(4).)

   Four employees of color approached Kristensen and said that they felt

discriminated against and feared losing their jobs.  (Id.)  In May 2008, Kristensen

spoke to her manager and to human resources representative, Vicky Moenig,

about the employees' complaints.  (Id.)

   After the merger, Greatbatch forced an African-American receptionist into

attrition and replaced that individual with a white male.  (Id. at 8 ¶ 10(4).)

   An African-American technician in R&D with more experience was forced

to work on the manufacturing floor.  (Id.)  Kristensen provided her direct report

with time off to study for a certification exam, but another manager forced his

direct report, who was African-American, to work overtime.  Kristensen's direct

report passed the certification exam but the African-American individual did not pass.  (<u>Id.</u>)

Also, an Asian female technician was forced to commute to Blaine and Plymouth although she lived south of Burnsville, Minnesota.  (<u>Id.</u>)  Kristensen came to her defense.  (<u>Id.</u>)

An Asian warehouse technician with dark skin asked to be on Kristensen's team because he thought management was abusing him and discriminating against him.  (<u>Id.</u>)

"Rambol made it clear that there was only room for beautiful white people, I want to clean up Greatbatch from all these ugly diversity."  (<u>Id.</u>)

## B.     Procedural History

### 1.     EEOC Charge

On March 31, 2009, Kristensen filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC").  (Janeiro Decl., Ex. 1.)  In her Charge, Kristensen checked the box indicating that she was bringing the Charge under Title VII of the Civil Rights Act and checked "race" and "national origin" for the "circumstances of alleged discrimination."  (<u>Id.</u>) She wrote:

I.      I was employed by the Respondent from September 26, 2007 until I was discharged on September 4, 2008.  Before being discharged, my supervisor Kimberly Briggs, slammed doors in my face and placed me on a performance-improvement-plan in August 2008 after falsely accusing me of mistreating employees.

II.     RESPONDENT'S REASON[]S FOR AD[]VERSE ACTION: I was told, "Things were not working out."

III.    I believe that I was discriminated against because of my race/Black, and my national origin/Hispanic Dominican Republic, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Id.)

On August 12, 2011, the EEOC dismissed Plaintiff's Charge and issued a Right to Sue Notice.  (Compl., Ex. 1 at 1 of 17.)

## 2.      Current Lawsuit

On November 10, 2011, Kristensen filed a pro se Complaint in this Court against Defendants Greatbatch, Kimberly Briggs, and Lisa Rambol.  The Complaint alleges employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"); employment discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"); and a common law claim for defamation.  The Title VII claim is based on race, "mixed Hispanic American, African American, Native Caribbean American"; color, "dark skin"; national origin, "Dominican Republic"; and retaliation.

5

(Compl. at 6 ¶ 10(1).)  The basis for the ADA claim is not provided in the

Complaint, beyond that there was "[l]ack of [r]ecognition and support for

[Plaintiff's] disability."  (Id. at 6 ¶ 10(3).)  Finally, the defamation claim was

based on defamation of character.  (Id. at 6 ¶ 10(3), 4 ¶ 8(h).)   Plaintiff generally

asserts the following adverse actions: termination of employment; failure to

accommodate her disability; having terms and conditions of employment

different than those of similar employees, and retaliation.  (Id. at 4 ¶ 8.)

Plaintiff had not served Briggs or Rambol with a Summons and

Complaint.

## III.    DISCUSSION

### A.     Motion to Dismiss Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may

move the Court to dismiss a claim if, on the pleadings, a party has failed to state

a claim upon which relief may be granted.  In reviewing a motion to dismiss, the

Court takes all facts alleged in the complaint to be true.  Zutz v. Nelson, 601 F.3d

842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to state a claim to relief that is
> plausible on its face.  Thus, although a complaint need not include
> detailed factual allegations, a plaintiff's obligation to provide the
> grounds of his entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. (citations omitted).

In deciding a motion to dismiss, the Court considers "the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint." PureChoice, Inc. v. Macke, Civil No. 07-1290, 2007 WL 2023568, at *5 (D. Minn. July 10, 2007) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)).

### B.    Service of Process

As an initial matter, Defendants assert that the Complaint must be dismissed against all three Defendants because Briggs and Rambol have not been served and Greatbatch was not served until more than 120 days after filing the Complaint.  See Fed. R. Civ. P. 4(m).  The Court denies this request because good cause exists to extend the time for service.  Moreover, as the Court will later explain, the Complaint will be dismissed with prejudice for failure to state a claim upon which relief may be granted and failure to exhaust administrative remedies.

Plaintiff is pro se and in forma pauperis.  She is relying upon the United States Marshals Service to effectuate service.  As to Greatbatch, Plaintiff provided

the correct information to the Marshals in a timely manner.  She will not be penalized for the late service upon Greatbatch.  See Moore v. Jackson, 123 F.3d 1082, 1085–86 (8th Cir. 1997) (holding that when a prisoner is granted leave to proceed in forma pauperis and provides "the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause within the meaning of [Rule 4(m)]") (citation omitted).

Similarly, there is no indication that Plaintiff is at fault for the failure to serve Rambol; the Marshals Service has unsuccessfully attempted to serve Rambol multiple times.  Additionally, the information from the Marshals Service indicates that Rambol may be attempting to evade service of process.  [Docket No. 11]  The Court concludes that, at this time, good cause exists for extending the time for Plaintiff to serve Rambol.

Finally, as to Defendant Briggs, the Marshals Service has attempted to serve Briggs at the address provided by Plaintiff, but was told that Briggs does not work at that address.  [Docket No. 11]  Plaintiff claims that she has evidence that Briggs can, in fact, be found at that address.  At this point, the Court concludes that Plaintiff has shown good cause to extend the time to serve Briggs.

C.     Individual Liability Under Title VII and ADA

The Court dismisses the Title VII and ADA claims against Briggs and

Rambol because the statutes do not provide for individual liability.  See Roark v.

City of Hazen, Ark., 189 F.3d 758, 761 (8th Cir. 1999) (holding no individual

liability under Title VII); Lenhardt v. Basic Inst. of Tech., Inc., 55 F.3d 377, 381

(8th Cir. 1995) (same); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th

Cir. 1999) (holding no individual liability under Title II of the ADA and noting

that three circuits "have held that there is no liability under Title I against

individuals who do not otherwise qualify as 'employers' under the statutory

definition"); Ebersole v. Novo Nordisk, Inc., No. 1:11cv25 SNLJ, 2011 WL

6115655, at *1 (E.D. Mo. Dec. 8, 2011) (holding no individual liability under ADA

because "the ADA's definition of 'employer' is practically identical to the

definition of 'employer' in two other federal statutes that address discrimination:

the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630(b), and

Title VII, 42 U.S.C. § 2000e(b) [and] [i]t is well-settled in the Eighth Circuit that

individuals are not subject to individual liability under Title VII of the Civil

Rights Act of 1964, and longstanding precedent in this Court also holds that

individuals are not liable under the ADEA") (citations omitted).  The dismissal of

these claims is with prejudice because Plaintiff is legally barred from reasserting

these claims against Briggs or Rambol.

### D.      Exhaustion of Administrative Remedies

"Title VII establishes an administrative procedure which a complaining

employee must follow before filing a lawsuit in federal court."  Williams v. Little

Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994) (citation omitted). "To

exhaust administrative remedies an individual must: (1) timely file a charge of

discrimination with the EEOC setting forth the facts and nature of the charge and

(2) receive notice of the right to sue."  Id. (citing  42 U.S.C. § 2000e–5(b), (c), (e)).

"Once an individual receives notice of the right to sue, she has 90 days in which

to file suit."  Id. (citing 42 U.S.C. § 2000e–5(f)(1)).  The ADA incorporates by

reference the exhaustion requirement from Title VII.  See 42 U.S.C. § 12117(a); 42

U.S.C. § 2000e-5.

> The charge must be sufficiently precise to identify the parties, and to
> describe generally the action or practices complained of.  If the
> EEOC gives the individual a right-to-sue letter following the EEOC
> investigation, the charge limits the scope of the subsequent civil
> action because the plaintiff may [only] seek relief for any
> discrimination that grows out of or is like or reasonably related to
> the substance of the allegations in the administrative charge.
> Permitting claims to be brought in court which are outside the scope
> of the EEOC charge would circumscribe the EEOC's investigatory
> and conciliatory role and deprive the charged party of notice of the
> charge.

10

Cottrill v. MFA, Inc., 443 F.3d 629, 634 (8th Cir. 2006) (citations omitted).

Plaintiff filed her Charge with the EEOC on March 13, 2009.  The Charge only alleges race and national origin discrimination under Title VII.  Plaintiff cannot amend her Charge to add addition grounds for discrimination because the period during which Plaintiff could file a charge long ago expired.

### 1.      Color Discrimination Claim

The Court concludes that, although Plaintiff did not check the box for color discrimination on her EEOC Charge, that claim is reasonably related to the race discrimination claim asserted by Plaintiff.

### 2.      ADA Claim

Plaintiff's Charge provides no indication of a claim based on disability or the ADA.  Plaintiff notes that she answered "yes" to the question "Do you have a disability?" on page 1 of the EEOC Questionnaire, in the section entitled "Personal Information," and she wrote "partial – back pain."  [Docket No. 22-7] However, Plaintiff did not check "Disability" on page 2, where the Questionnaire asks the basis for her claim of employment discrimination.  Nor did she fill out questions 8 -10, which direct the claimant to respond only if she is "claiming discrimination based on disability," and which ask questions regarding the

nature of the disability and any request for accommodation.  The Questionnaire

provides no indication that Plaintiff alleges discrimination based on disability.

Plaintiff has failed to exhaust her administrative remedies on her ADA claim and

the statute of limitations for that claim has run.  Therefore, it is dismissed with

prejudice.

### 3.      Retaliation Claim

Plaintiff's EEOC Charge provides no indication that she asserts a claim for

retaliation.   The claim for retaliation is not reasonably related to the claims for

race and national origin discrimination that were properly exhausted.  See

Russell v. TG Missouri Corp., 340 F.3d 735, 747-48 (8th Cir. 2003).  The narrative

provided by Plaintiff in her EEOC Charge provides no notice of a retaliation

claim.

Plaintiff argues that her retaliation claim is apparent from the EEOC

Questionnaire.  However, when Plaintiff has filed a timely EEOC Charge, as is

the case here, the Questionnaire cannot be used to satisfy the requirement that

she exhaust administrative remedies for other claims.  See Teekasingh v.

Medtronic, Inc., Civil No. 11-3336 (SRN/JJG), 2012 WL 2244792, at *3 (D. Minn.

June 15, 2012) (holding that EEOC Questionnaire referencing retaliation was

insufficient to exhaust administrative remedies when retaliation was not

mentioned in the EEOC charge).  Under Eighth Circuit precedent, "an intake

questionnaire that was not submitted under oath did not constitute a valid

charge under Title VII for purposes of the statute of limitations until it was later

signed under oath."  <u>Lawrence v. Cooper Communities, Inc.</u>, 132 F.3d 447, 450

(8th Cir. 1998).  "[I]n Title VII cases, intake questionnaires do not satisfy the

statutory requirements for a charge because they are not verified."  <u>Id.</u> (citations

omitted).  "Permitting claims to be brought in court which are outside the scope

of the EEOC charge would circumscribe the EEOC's investigatory and

conciliatory role and deprive the charged party of notice of the charge." <u>Cottrill</u>,

443 F.3d at 634 (citations omitted).

Plaintiff has failed to exhaust administrative remedies on her Title VII

retaliation claim; this claim must be dismissed.  Because the statute of limitations

has run on Plaintiff's retaliation claim, the dismissal of this claim is with

prejudice.

## E.    Failure to State a Claim

### 1.    Defamation

In order for a statement to be considered defamatory it must be
communicated to someone other than the plaintiff, it must be false,
and it must tend to harm the plaintiff's reputation and to lower him

in the estimation of the community. . . .   Truth, however, is a
complete defense, and true statements, however disparaging, are not
actionable.

Stuempges v. Parke, Davis & Co., 297 N.W.2d 252, 255 (Minn. 1980) (citations

omitted).

"Minnesota law has generally required that in defamation suits, the

defamatory matter be set out verbatim." Moreno v. Crookston Times Printing

Co., 610 N.W.2d 321, 326 (Minn. 2000).  "Minnesota law requires that a claim for

defamation must be pled with a certain degree of specificity.  At a minimum, the

plaintiff must allege who made the allegedly libelous statements, to whom they

were made, and where."  Pope v. ESA Servs., Inc., 406 F.3d 1001, 1011 (8th Cir.

2005) (citation omitted), abrogated on other grounds by Torgerson v. City of

Rochester, 643 F.3d 1031 (8th Cir. 2011) (en banc).  If the complaint fails to

include this information, "the proper course is dismissal."  Id.

Here, the Complaint does not identify any statements that could form the

basis of a defamation claim.  Nor does Plaintiff plead who made the statements

or how the statements harmed her.  The only statement attributed to any

Defendant is the allegation that Rambol "made it clear there was only room for

beautiful white people, I want to clean up the place from all these ugly

14

diversity." (Compl. at 8 ¶ 10(4).)  Even if this is a direct quote from Rambol,

there are no allegations that the statement was published to a third party or that

Plaintiff suffered any reputational harm as a result.

Furthermore, under Minnesota law, a plaintiff has two years from the date

of the alleged defamatory statement to commence a defamation action.  Minn.

Stat. § 541.07, subd. 1.  Plaintiff commenced this lawsuit on November 10, 2011.

The Complaint does not state when the allegedly defamatory statement was

made, by whom it was made, or what the statement was.  However, from the

context of the Complaint, the statement was made during Plaintiff's employment

with Greatbatch.  Plaintiff's employment with Greatbatch ended on September 4,

2008, more than three years before she filed this Complaint.  The statute of

limitations bars Plaintiff's defamation claim based on statements made during

her employment, and, so, that claim is dismissed with prejudice.

At oral argument, Plaintiff asked that the dismissal of her defamation

claim be without prejudice because she may want to reassert a defamation claim

if Defendants continue to defame her.  Defamation claims based on future

statements by Defendants are not affected by this dismissal.

2.     **Title VII Claims**

> To establish a prima facie case for race discrimination, a plaintiff
> must show (1) he is a member of a protected class, (2) he met his
> employer's legitimate expectations, (3) he suffered an adverse
> employment action, and (4) the circumstances give rise to an
> inference of discrimination (for example, similarly situated
> employees outside the protected class were treated differently).

Gibson v. Am. Greetings Corp., 670 F.3d 844, 853-54 (8th Cir. 2012) (citation

omitted).

A Title VII plaintiff need not plead a prima facie case of discrimination in

order to survive a motion to dismiss.  See Swierkiewicz v. Sorema N. A., 534 U.S.

506, 511 (2002).  However, the plaintiff must provide fair notice of the claim and

the grounds upon which it rests.  Id. at 512.

Kristensen does not plead sufficient facts to provide fair notice of her

claims and the grounds upon which they rest.  For example, she alleges no

adverse employment action, nor that similarly situated employees were treated

more favorably.  Plaintiff asserts that the discriminatory acts occurred between

December 2007and June 2008; however, Plaintiff also asserts that she was

promoted and received positive performance reviews during this time period.

She was not terminated until September 2008.  Also, Plaintiff does not plead any

facts to show that she was treated less favorably – only how other employees

16

were treated.  During oral argument, Plaintiff expanded on her allegations

regarding Defendants' treatment of various employees and other facts regarding

her experience at Greatbatch.  However, Plaintiff's only allegation of a negative

employment action by Defendants that was directed at Plaintiff, arguably based

on race, color, or national origin, was that one of her supervisors complained

about the manner in which Plaintiff ran certain meetings.  No material adverse

action is apparent.

The Court has liberally construed Plaintiff's Complaint and has considered

all of her additional allegations in her briefing and oral argument, and concludes

that Plaintiff fails to state a claim upon which relief may be granted under Title

VII.

### F.     Leave to Amend the Complaint

Plaintiff requests leave to file an amended complaint to more specifically

state the basis for all remaining claims because she states that she is still seeking

counsel.  The Court is sympathetic to Plaintiff's pro se status.  However, this

Complaint was filed almost one year ago.  Plaintiff has had the opportunity to

consult with a pro bono attorney from the FBA Pro Se Project.  The Court has

reviewed all of Plaintiff's filings and has listened carefully to Plaintiff's

presentation during oral argument.  Plaintiff has failed to allege any actionable

17

claim for race, color, or national origin discrimination (or any other claim) and

has not indicated any manner in which she would like to amend her Complaint

that would state an actionable claim.  Allowing an amendment would be futile.

Accordingly, based upon the files, records, and proceedings herein**, IT IS**

**HEREBY ORDERED**:

Defendants' Joint Motion to Dismiss or Alternatively for Summary Judgment [Docket No. 5] is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   September 28, 2012          s/ Michael J. Davis                           
                                     Michael J. Davis
                                     Chief Judge
                                     United States District Court